UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CRYSTAL CALLAHAN,

                              Plaintiff,

          -vs-                    **No. 6:17-cv-06245-MAT**
                                      **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                              Defendant.

---

## I. Introduction

Represented by counsel, Crystal Callahan ("Plaintiff"), commenced this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant"), denying her application for disability insurance benefits ("DIB"). Before the Court is Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) ("Section 406(b)").

## II. Procedural History

On April 11, 2012, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning October 25, 2010. The claim was denied initially on August 23, 2012. After an administrative hearing, an administrative law judge ("ALJ") issued an unfavorable decision on August 23, 2013. After the Appeals Council declined review, Plaintiff filed an action in this Court. On September 29, 2015, the undersigned remanded the claim to the Commissioner for further

proceedings pursuant to the fourth sentence of section 205(g) of the Act.

A second administrative hearing was held on June 15, 2016. On February 16, 2017, a new ALJ issued a second unfavorable decision. Following the Appeals Council's denial of review, Plaintiff timely commenced this action. On April 4, 2018, the undersigned issued a Decision and Order finding that the Commissioner's decision contained errors of law and was unsupported by substantial evidence. Because the record conclusively demonstrated that Plaintiff's mental impairments, standing alone, are disabling, the undersigned reversed the Commissioner's decision and remanded solely for the calculation and payment of benefits. *See* Docket No. 12.

Plaintiff filed an application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). By stipulation and order dated May 18, 2018, this Court awarded Plaintiff's attorney $4,500.00 in fees and $400 in costs under the EAJA. *See* Docket No. 14.

In the subsequent months, the Social Security Administration ("SSA") sent Plaintiff three Notices of Awards ("NOAs") regarding the benefit amounts that would be paid to her and her auxiliaries (her two children). *See* Plaintiff's Motion for Attorney's Fees ("Pl.'s Mot.") (Docket No. 16), Exhibits ("Exhs.") C, D, and E (Docket No. 16-2). While those NOAs should have informed her of the amount of past due benefits and the amounts that were withheld

from past due benefits to pay her attorney, they contained incomplete information, as the Commissioner concedes. *See* Pl.'s Mot., Exhs. C, D, and E; Letter dated 02/05/2019 from Commissioner to the Court (Docket No. 18) at 2.

First, the NOA dated July 23, 2018, informed Plaintiff that $21,486.00, which reflected 25 percent of her own past due benefits, was withheld for payment of attorney fees. However, the NOA did not state that the past due benefits were $85,944.00. *See* Pl.'s Mot., Exh. C. Second, an NOA dated October 15, 2018, informed Plaintiff that $3,000.00 was withheld from past due benefits totaling $20,084.00 owed to Plaintiff's daughter, C.L.C. This NOA did not, however, explain why less than 25 percent of the past due benefits was withheld and, in any event, included an incorrect past due benefits amount. *See* Pl.'s Mot., Exh. D. Third, another October 15, 2018 NOA indicated that $3,000.00 also was withheld from the past due benefits owed to Plaintiff's son, P.C., although the amount of past due benefits was listed as $0.00. *See* Pl.'s Mot., Exh. E.

Because the NOAs were insufficient to convey accurately the amount of past due benefits owed to Plaintiff and her and auxiliaries, the parties obtained updated information from the SSA's Center for Disability and Program Support. Plaintiff's attorney and counsel for the Commissioner have separately stipulated (Docket No. 18-1) to those amounts:

| Name | Type | Past Due Benefits | Amount Withheld | 25% Cap |
|---|---|---|---|---|
| Crystal Callahan | Claimant | $85,944.00 | $21,486.00 | $21,486.00 |
| C.L.C. | Auxiliary | $18,692.00 | $3,000.00 | $4,673.00 |
| P.C. | Auxiliary | $18,692.00 | $4,673.00 | $4,673.00 |
| TOTAL | | $123,328.00 | $29,159.00 | $30,8932.00 |

On January 4, 2019, Plaintiff's attorney ("Counsel") filed a motion (Docket No. 16) pursuant to 42 U.S.C. § 406(b) ("Section 406(b)") for attorney's fees. On January 30, 2019, Counsel filed a Supplemental Affidavit ("Pl.'s Suppl. Aff.") (Docket No. 17) seeking fees in the amount of $24,832.00. Counsel explains that this sum represents 25 percent of the past due benefit amount owed to Plaintiff ($123,328.00), or $30,932.00 minus the $6,000.00 he has received in fees for work performed at the administrative level under 42 U.S.C. § 406(a). Counsel requests this amount for the 58.45 hours of work performed before this Court in the two cases stemming from the same Title II application, *Callahan v. Colvin*, No. 6:14-cv-6553-MAT, which resulted in a remand for further proceedings, and *Callahan v. Berryhill*, No. 6:17-cv-6245-MAT, which resulted in a remand for calculation and payment of benefits.

The Commissioner filed a response (Docket No. 18) indicating that she has no objections to Plaintiff's request for attorney's fees pursuant to Section 406(b) but requests that the Court conduct an independent reasonableness review, as required by law. The

-4-

Commissioner also does not object to the Section 406(b) Motion as being untimely.

For the reasons discussed below, the Court finds that Plaintiff's Section 406(b) Motion was timely filed and that it should be granted.

**III. Applicable Legal Principles**

Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant. . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

"Within the 25 percent boundary" set by Section 406(b), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (citation omitted). Section 406(b) also "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* (footnotes omitted). Thus, it is the district court's responsibility to determine whether the requested fees are unreasonable, as required by Social Security Act and *Gisbrecht*, *supra*.

After ascertaining that a given contingent fee agreement is within the 25 percent statutory boundary, courts have considered

the following factors in determining whether the resulting fee is reasonable: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Joslyn v. Barnhart*, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

**IV. Discussion**

**A. Reasonableness of the Fee Requested**

As an initial matter, the Court notes that Counsel's request of $24,832.00 represents 25 percent of the past due benefit amount owed to Plaintiff ($123,328.00), or $30,932.00 minus the $6,000.00 Counsel has received in fees for work performed at the administrative level under 42 U.S.C. § 406(a). The requested amount therefore does not exceed the statutory cap. It furthermore is permissible under the fee agreement between Plaintiff and Counsel, which, consistent with the statutory cap, allows for up to 25 percent of any past due benefits awarded.

With regard to the first *Gisbrecht* factor, the Court finds that the requested fee is in line with the "character of the representation and the results the representation achieved." Here, Counsel's effective briefing secured a remand for further

administrative proceedings and, ultimately, a reversal and remand for calculation and payment of benefits. This factor accordingly weighs in favor of finding reasonableness.

Turning to the second factor, Counsel did not engage in dilatory litigation tactics or otherwise cause delay in the proceedings that might have inflated past due benefits and thus the potential fee award. The second factor also weighs in favor of finding reasonableness.

With regard to whether the fee award constitutes a "windfall," the Supreme Court has not provided clear guidance on assessing this factor but has suggested that conducting what is essentially a lodestar analysis may be helpful. *See Gisbrecht*, 535 U.S. at 808 (suggesting that the hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement"). Dividing the Section 406(b)(1) fee requested ($24,832.00) by the total hours expended by Counsel (58.45 hours) yields an effective hourly rate of $424.84. The Commissioner submits that this request does not represent a windfall. *See* Docket No. 18 at 2 (citing *Gisbrecht*, 535 U.S. at 808; other citation omitted). A survey of the case law from this Circuit confirms that such an hourly rate is clearly reasonable. *See, e.g., Heffernan v. Astrue*, 87 F. Supp.3d 351, 356-57 (E.D.N.Y. 2015) (discussing cases in Second Circuit and reducing, as unreasonable, a requested Section 406(b) fee of

$15,100.00 for 15.1 hours ($1,000.00 per hour) to $5,285 ($350.00 per hour)).

The Court further observes that a contingent fee outside of the Social Security context typically represents the past and future value of the case. Here, however, the statute provides that attorney's fees are based solely on past due benefits. *See* 42 U.S.C. § 406(b)(1). The value of this case to Plaintiff and her auxiliaries is greater than the amount of past due benefits received. In addition, the value of health care benefits attendant to Title II benefits is not included in the computation of the fee under Section 406(b)(1). Counsel, on the other hand, assumed a substantial risk of loss in taking this case, given that Plaintiff's claim had been denied at multiple levels of agency review before the initiation of this civil action. In this regard, the Court considers the deference owed to lawful attorney-client fee agreements, *Gisbrecht*, 535 U.S. at 793, and the interest in assuring that attorneys continue to represent clients such as Plaintiff, *id.* at 805.

Consideration of all of the *Gisbrecht* factors warrant a finding that the requested fee is reasonable, and the Commissioner does not disagree. In addition, Counsel has stated that he will refund the amount of the EAJA fees awarded to Plaintiff in her two cases before this Court (i.e., $10,500.00) should the Section 406(b) application be approved. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions [in the EAJA and

Section 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186; second alteration in original).

**B.   Timeliness of the Section 406(b) Motion**

The law within the Second Circuit is unsettled regarding the deadline to file a Section 406(b) motion. The Act does not require a fee application to be filed within any specific time limit, "making the timeliness question somewhat more complicated." *Geertgens v. Colvin*, No. 13 CIV. 5133(JCF), 2016 WL 1070845, at *2 (S.D.N.Y. Mar. 15, 2016). The Second Circuit has not squarely addressed the question of what standard should govern the question of whether a Section 406(b) application is timely filed. Courts in this District, up until recently, had consistently applied a reasonableness standard. *See*, *e.g.*, *Jenis v. Colvin*, 12-CV-0600A, 2016 WL 624623, at *1 n. 1 (W.D.N.Y. Oct. 26, 2016) (Section 406(b) application filed four months after notice of award was filed within a reasonable time and was timely); *see also Buckingham v. Astrue*, 07-cv-159-JTC, 2010 WL 4174773, at *1 (W.D.N.Y. Oct. 25, 2010) (granting Section 406(b) application filed 98 days after notice of award received, without consideration of timeliness); *but see Sinkler v. Berryhill*, 305 F. Supp.3d 448, 452 (W.D.N.Y. 2018), *appeal docketed*, 18-2044 (2d Cir. July 11, 2018). However, the

Western District of New York Proposed Local Rule 5.5(g)(1)[1] rejects the 14-day standard and suggests a window of 65 days for filing Section 406(b) applications.

Here, Counsel has explained that he had waited to file because the originally issued NOAs provided inaccurate and incomplete information and thus were an inadequate basis for a fee request. The Commissioner states that she finds the explanation reasonable, particularly given her need to contact the SSA's Center for Disability and Program Support in order to obtain the complete and correct benefit and withholding amounts. Therefore, the Commissioner recommends that this Court deem the motion to be timely filed.

The Court agrees with the Commissioner's recommendation. Counsel filed his initial Section 406(b) motion on January 4, 2019, less than 3 months after the last NOA was issued on October 15, 2018. He then filed his Supplemental Affidavit clarifying the amounts requested on January 30, 2019, 5 days after the parties signed the stipulation (Docket No. 18-1) agreeing to the correct amounts of past due benefits. Given the uncertain status of the law and the extenuating circumstances detailed above, the Court finds that Counsel filed his Section 406(b) motion within a reasonable period of time.

---

[1] Available at http://www.nywd.uscourts.gov/news/notice-proposed-federal-court-local-rules-amendments (last accessed May 21, 2019).

**V. Conclusion**

For the reasons set forth above, the Court grants the Section 406(b)(1) Motion (Docket No. 16) in its entirety and awards Plaintiff attorney's fees in the amount of $24,832.00. The Court directs the Commissioner to release the funds withheld from the benefits awards. Upon receipt of the Section 406(b) fee, Counsel is directed to remit payment of $10,500.00, representing the EAJA fees received in Plaintiff's two cases before this Court, to Plaintiff.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   May 21, 2019
         Rochester, New York